# EXHIBIT A

| Approved, SCAO | | Original - Court<br>1st copy - Defendant | | | 2nd copy - Plaintiff<br>3rd copy - Return | |
|---|---|---|---|---|---|---|

| STATE OF MICHIGAN | | | CASE NO. | |
|---|---|---|---|---|
| 16th | JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY PROBATE | **SUMMONS** | 20- 4055 -NO | |

| Court address<br>40 N. Main Street, Mt. Clemens, MI 48043 | **JOSEPH TOIA** | Court telephone no.<br>586-469-7171 |
|---|---|---|

Plaintiff's name(s), address(es), and telephone no(s).

Leonard Domgjoni

v

Defendant's name(s), address(es), and telephone no(s).

Menard, Inc.

C/o The Corporation Company
601 Abbot Rd.
East Lansing, MI
48823

Plaintiff's attorney, bar no., address, and telephone no.

Nathan Dodson
18538 Mack Ave.
Grosse Pointe, MI 48236
313-458-8276

*FILED 2020 NOV -6 AM 10: 53 MACOMB COUNTY CLERK*

Instructions: Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court, where

it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.

2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to file a written answer with the court and serve a copy on the other party or take other lawful action with the court (28 days if you were served by mail or you were served outside this state).

3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>NOV - 6 2020 | Expiration date*<br>FEB - 5 2021 | Court clerk<br>*Fred Miller* |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (9/19) **SUMMONS**    MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

| PROOF OF SERVICE | SUMMONS |
|---|---|
| | Case No. |

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

**CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE**

| ☐ OFFICER CERTIFICATE | OR | ☐ AFFIDAVIT OF PROCESS SERVER |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult, and I am not a party or an officer of a corporate party (MCR 2.103[A]), and that: (notarization required) |

☐ I served personally a copy of the summons and complaint,
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,

together with _____
List all documents served with the summons and complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled Fee $ | | Signature |
|---|---|---|---|
| Incorrect address fee $ | Miles traveled Fee $ | TOTAL FEE $ | Name (type or print) |
| | | | Title |

Subscribed and sworn to before me on _____ , _____ County, Michigan.
Date

My commission expires: _____ Signature: _____
Date                                            Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

**ACKNOWLEDGMENT OF SERVICE**

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments

_____ on _____
Day, date, time

_____ on behalf of _____

_____
Signature

FILED by Macomb County Circuit Court
11/12/2020

2020-004055-NO
DOMGJONI, LEO



**FISHER
FOWLER
DODSON
WILLIAMS
& NESI**

*Personal Injury &
Professional Licensing
Office*

18538 Mack Ave.
Grosse Pointe Farms, MI
48236

*Family Law, Probate
& Trust Litigation Office*

722 Notre Dame
Grosse Pointe, MI 48230

(313) 458-8276
(313) 469-7085 (FAX)

ffwplc.com

**Attorneys**

Dodd B. Fisher, Esq.
Aimee Fowler, Esq.
Nathan Dodson, Esq.
Daniel Williams, Esq.
Christopher J. Nesi, Esq.
Erin E. Avey, Esq.
Colleen Fries, Esq.
Kurt N. Koning, Esq.

## STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF MACOMB

LEONARD DOMGJONI,

Plaintiff,

-vs-.

MENARDS, INC.,
a foreign corporation,

Defendant.

Case No. 20- 4055- NO

HON. **JOSEPH TOIA**

_____/

NATHAN A. DODSON (P68560)
KURT N. KONING (P78227)
COLLEEN M. FRIES (P80012)
FISHER, FOWLER, DODSON, WILLIAMS & NESI, PLC
Attorneys for Plaintiffs
18538 Mack Avenue
Grosse Pointe, MI 48236
(313) 458 8276 / Fax: (313) 469 7085
k.koning@ffwplc.com
c.fries@ffwplc.com
n.dodson@ffwplc.com

_____/

FILED 2020 NOV -6 AM 10:53 MACOMB COUNTY CLERK

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this complaint pending in this court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this complaint that is either pending or was previously filed and dismissed, transferred, or otherwise disposed of after having been assigned to a judge in this court.

## PLAINTIFF'S COMPLAINT

**NOW COMES** the Plaintiff, LEONARD DOMGJONI, his attorneys, FISHER, FOWLER, DODSON, WILLIAMS & NESI, PLC, and for his Complaint against the Defendant, MENARDS, INC., states as follows:

1.      That Plaintiff, LEONARD DOMGJONI, is a resident of the City of Sterling Heights, County of Macomb, State of Michigan.

2.      That at all time hereinafter mentioned, Defendant, MENARDS, INC., (hereinafter MENARDS) is a foreign corporation and did business and was the owner and/or maintainer of real property in the form of a home improvement retail store, located at 32501 Van Dyke Avenue in the City of Warren, County of Macomb, State of Michigan.

3.      That jurisdiction and venue are proper as the events giving rise to Plaintiff's Complaint occurred in the County of Macomb, State of Michigan and the amount in controversy exceeds the minimal jurisdictional requirements of this Court.

4.      That the amount in controversy herein exceeds the sum of Twenty-Five Thousand ($25,000.00) Dollars exclusive of costs, interest and attorney fees.

## GENERAL ALLEGATIONS

5.      Plaintiff incorporates by reference paragraphs 1 through 4 as if fully stated herein.

6.      That on or about July 24, 2020, Plaintiff LEONARD DOMGJONI was a business invitee at the Defendant's home improvement store, located at 32501 Van Dyke Avenue in the City of Warren, County of Macomb, State of Michigan.

7.      That on that date, Plaintiff entered a restroom situated inside Defendant's store and upon doing so, suddenly and without warning slipped and fall on an unreasonably dangerous condition, namely a slippery and transparent liquid that had been allowed to accumulate on the floor for an unreasonable amount of time.

8.      That as a result of the slip and fall, Plaintiff suffered serious and disabling bodily injury, as more fully hereinafter set forth.

9.      That at all times relevant to the within, Defendant had exclusive possession and control of the area where the subject incident occurred.

### COUNT I – NEGLIGENCE AS TO DEFENDANT MENARDS, INC.

10.     Plaintiff incorporates by reference paragraphs 1 through 9 as if fully stated herein.

11.     That at all times relevant within, Defendant owed a duty to Plaintiff to properly maintain the premises and was in a position to best control and present the condition exposing Plaintiff to unreasonable risk of harm, and knew of the defective and unsafe condition on the restroom floor.

12.     That the Defendant owed a duty to Plaintiff to inspect the area to ensure that the premises would pose no risk of unreasonable harm to those lawfully on the premises.

13.     That notwithstanding said knowledge and in total disregard of said duties, Defendant breached same by the following omissions, including but not limed to:

a.      Allowing the dangerous and unsafe condition to remain on the ground at the entrance for an unreasonable period of time;

b.      Failing to clean, maintain and/or inspect the area, thereby negligently and carelessly increasing said hazardous condition;

c.      Negligently and carelessly failing to keep the area in a condition fit for its intended and foreseeable use and allowing said hazard to remain in the area where customers were known to traverse regularly;

d.      Failing to warn business invitees and others of the dangerous and hazardous condition on the premises;

e.      Otherwise breaching additional duties owed.

14.     That Defendant is liable for the negligence actions/inactions of its employees, representatives pursuant to the *doctrine of respondeat superior*.

15.     That Defendant, under a separate and distinct duty owed to Plaintiff, is responsible for the active negligence of its employees and is liable to Plaintiff for the injuries sustained by him.

3

16.     That Defendant, under a separate and distinct duty owed to Plaintiff, through its active negligence created a new hazard altering the premises, which posed an unreasonable risk of harm to the detriment of Plaintiff causing severe and disabling injuries.

17.     That as a direct and proximate result of Defendant's negligence and carelessness, Plaintiff sustained damages including, but not necessarily limited to:

    a.    Closed head injury, traumatic brain injury, as well as injuries to his neck, back, left shoulder and right leg, and other related and resultant injuries;

    b.    Physical pain and suffering and extensive physical therapy and other rehabilitation;

    c.    Disability and permanent scarring and disfigurement;

    d.    Mental anguish;

    e.    Fright and shock;

    f.    Denial of social pleasures and enjoyment of the usual activities of life;

    g.    Embarrassment, humiliation and mortification;

    h.    Medical expenses, past, present and future; and

    i.    Other damages allowed by law.

18.     That in the event that Plaintiff was suffering from any other medical, psychological and/or emotional condition, then in that event, Plaintiff claims that those conditions were precipitated, aggravated and/or accelerated by reason of the foregoing incident herein described.

4

WHEREFORE, Plaintiff prays that this Court award damages in an amount in excess of Twenty-Five Thousand ($25,000.00) Dollars to which Plaintiff may be found entitled, together with interest, costs and attorney fees.

Respectfully submitted,

FISHER, FOWLER, DODSON, WILLIAMS, & NESI

/s/ Nathan Dodson
NATHAN DODSON (P68560)
Attorney for Plaintiff
18538 Mack Ave.
Grosse Pointe Farms, MI 48236
(313) 458-8276/(313) 469-7085 -Fax
n.dodson@ffwplc.com

Dated: November 4, 2020