UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEONARD DOMGJONI,

          Plaintiff,

v.

MENARDS, INC.,

          Defendant.

Case No. 2:21-cv-10111

HONORABLE STEPHEN J. MURPHY, III

/

**OPINION AND ORDER**
**GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS [23]**

Defendant Menards, Inc., moved to dismiss the slip-and-fall case under Federal Rule of Civil Procedure 37 for discovery violations and under Rule 41 for violating the Court's order, ECF 20. ECF 23. The parties fully briefed the motion, and the Court will not hold a hearing on it. *See* E.D. Mich. L.R. 7.1(f)(2). For the following reasons, the Court will grant in part and deny in part the motion to dismiss.

**BACKGROUND**

In a stipulated order, the Court ordered Plaintiff Leonard Domgjoni to respond to Defendant's second set of interrogatories and requests for production no later than November 4, 2021. ECF 20, PgID 413. The requests sought Plaintiff to produce income, payment, and banking documents for his limited liability company. ECF 23-8, PgID 513. When Plaintiff finally responded, he claimed that he had produced the documents. *Id.*

1

Yet, at Plaintiff's deposition, he explained that he did not produce those documents. ECF 23-9, PgID 539–42. Plaintiff, however, agreed to provide those documents to Defendant after the deposition. *Id.* at 539. Defendant's counsel followed up with a letter to Plaintiff's counsel demanding the documents. ECF 23-10, PgID 545–46.

The documents are vital to Defendant's assessment of damages because Plaintiff suggested in his deposition that he calculated his lost monthly wages of $12,000 from the slip-and-fall accident based on his review of the LLC's books. ECF 23-9, PgID 526–28. In contrast, Plaintiff's tax returns show that he earned a meager $25,500 income for 2020. *Id.* at 530–31. Plaintiff also testified that his accountant has the LLC's documents. *Id.* at 528–29.

Defendant moved for the Court to dismiss the case because Plaintiff has failed to provide the documents. ECF 23, PgID 444–45. Plaintiff objected to the motion for three reasons. First, he argued he does not have the documents and does not know where they are. ECF 24, PgID 566–67. Second, he is not claiming any lost revenue or income from the LLC in the present complaint. *Id.* at 567. And third, Plaintiff said that his 2020 personal income return will be the basis for his lost income damages. *Id.*

**LEGAL STANDARD**

When "a party fails to provide information," Federal Rule of Civil Procedure 37(c)(1) allows a court to bar the party from using the information in "a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

Rule 37(c)(1) also provides for alternative sanctions, at the Court's discretion, including "order[ing] payment of the reasonable expenses, including attorney's fees, caused by the failure," "inform[ing] the jury of the party's failure," and "impos[ing] other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." Under Rule 37(b)(2)(A), permissible orders include striking the pleadings, rendering a default judgment, or dismissing the action. The Court may also dismiss a case for flouting the Court's orders. Fed. R. Civ. P. 41(b).

## DISCUSSION

The Court will address the motion to dismiss under both rules in the same analysis. The court must weigh the same four factors before dismissing a complaint under Rules 37(b)(2) or 41(b):

> (1) evidence of willfulness or bad faith; (2) prejudice to the adversary; (3) whether the violating party had notice of the potential sanction; (4) whether less drastic sanctions have been imposed or ordered.

*Phillips v. Cohen*, 400 F.3d 388, 402 (6th Cir. 2005) (citing *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995)); *see Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998) (listing the same four factors for a Rule 41(b) dismissal) (citation omitted).

For the first factor, Plaintiff "has the burden of showing that his failure to comply was due to inability, not willfulness or bad faith." *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002) (citation omitted). Plaintiff has explained that he does not have the documents. ECF 24, PgID 567. But the evidence shows that Plaintiff based his answers to interrogatories stating a $12,000 monthly income on

3

the LLC's business records. ECF 23-9, PgID 526–27. Plaintiff looked at the records in June or July 2021. *See* ECF 23-9, PgID 527 (November deposition explaining that he looked at the documents "like four, five months ago"). Because the case was filed in November 2020, ECF 1-2, PgID 15, there are only three possible explanations for why Plaintiff cannot provide Defendant with the documents. One, Plaintiff does not want to do so. Two, Plaintiff misspoke in his deposition about when he looked at the documents (if he even looked at the documents). Or three, Plaintiff destroyed the documents even though Defendants had requested him to preserve the documents. ECF 23-8, PgID 511–12.[1] Plaintiff has not suggested that he misspoke in his deposition. *See* ECF 24. At minimum, therefore, Plaintiff has provided no good excuse that militates against a bad faith finding. The first factor favors dismissal.

For the second factor, Defendant has been prejudiced. To show prejudice, Defendant must be "unable to secure the information requested, [and] . . . waste[d] time, money, and effort in pursuit of cooperation which [Plaintiff] was legally obligated to provide." *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997). Here, Defendant cannot obtain the documents because Plaintiff does not have them and cannot produce them, ECF 24, PgID 566–67, despite telling Defendant for months that he would produce them and that he had looked at them during the litigation. *See* ECF 23-9, PgID 539. Plaintiff wasted Defendant's time and money by

---

[1] Michigan law requires Plaintiff to preserve the records as the LLC's owner. *See generally* Mich. Comp. Laws § 408.479.

4

not telling Defendant sooner that he could not produce the documents. Thus, Defendant was prejudiced by Plaintiff's conduct.

Third, when "a plaintiff has not been given notice that dismissal is contemplated, a district court should impose a penalty short of dismissal unless the derelict party has engaged in bad faith or contumacious conduct." *Harmon*, 110 F.3d at 367 (quotation marks and quotation omitted). Although the Court has not yet warned Plaintiff about a dismissal sanction, the Court did order Defendant to fully comply with Defendant's discovery requests. ECF 20. Under the third factor, then, a lesser sanction than full dismissal is warranted.

The last factor also supports a lesser sanction than "the drastic sanction of dismissal." *Phillips*, 400 F.3d at 402. Plaintiff appeared to concede that he is no longer claiming a loss of revenue of $12,000 per month. ECF 24, PgID 567. Instead, Plaintiff claimed that he "will be relying on his 2020 personal income tax return." *Id.* Although Defendant appeared to agree to the concession, ECF 25, PgID 576, there is still a problem with it. As Defendant noted, "the income reported on his [i]ndividual 1040 [t]ax [r]eturn [] was determined by him when completing his Form 1040 Schedule C," which came from numbers based on the LLC's documents. *Id.* (emphasis omitted); *see also* ECF 23-6, PgID 485 (Schedule C). Put differently, Defendant has no evidence to challenge whether his lost monthly income is less than what the income tax return states.

All told, Plaintiff's conduct is egregious and his counsel's inability to prevent him from wasting Defendant's time is exasperating. The Court should order dismissal

5

here, but it will not. The Court will instead impose a less drastic sanction and bar Plaintiff from recovering damages for lost income. *See Phillips*, 400 F.3d at 402. The Court will also require Plaintiff to pay Defendant's reasonable expenses and attorneys' fees incurred for having to bring the motion. *See* Fed. R. Civ. P. 37(b)(2)(C). The sanctions will adequately compensate Defendant for the prejudice it suffered from Plaintiff flouting the Court's orders. At bottom, Plaintiff's conduct went beyond gamesmanship and seems like it might involve fraud. The Court will therefore deny in part the motion to dismiss but grant the motion as it pertains to the lesser sanctions explained above.

Last, because the discovery deadline is this month, ECF 22, PgID 420, the Court will order the parties to attend mediation with Magistrate Judge Curtis Ivy. If the mediation fails, the Court reserves the right to refer the case to a private mediator. The parties must coordinate with Magistrate Judge Ivy's chambers to schedule the mediation for no later than June 8, 2022.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the motion to dismiss the case for discovery violations [23] is **GRANTED IN PART and DENIED IN PART**.

**IT IS FURTHER ORDERED** that Plaintiff must promptly **PAY** Defendant's reasonable expenses and attorneys' fees incurred for filing and prosecuting the present motion, ECF 23.

**IT IS FURTHER ORDERED** that Plaintiff is **BARRED** from recovering damages for lost income.

**IT IS FURTHER ORDERED** that the case is **REFERRED** to Magistrate Judge Ivy for mediation. The parties must **PROCEED** in compliance with Local Rule 16.4. The mediation and settlement discussions must occur **no later than June 8, 2022**.

**IT IS FURTHER ORDERED** that Judge Ivy must **NOTIFY** the Court within seven days of completion of the mediation, stating only the "date of completion, who participated, whether settlement was reached, and whether further [alternative dispute resolution] proceedings are contemplated." E.D. Mich. L.R. 16.4(e)(6). If a settlement is reached, the parties must **NOTIFY** the Court immediately upon completion of the mediation and must **SUBMIT** a proposed order of dismissal within twenty-one days. *Id.* at 16.4(e)(7). If a settlement is not reached, the parties must **NOTIFY** the Court within five days of the completion of the mediation.

SO ORDERED.

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: March 16, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 16, 2022, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager